# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WOW LOGISTICS COMPANY,

                Appellant,

v.

PRO-PAC, INC.,

                Appellee.

Case No. 11-CV-1075-JPS

**ORDER**

On November 22, 2011, appellant WOW Logistics Company ("WOW") appealed a decision by the United States Bankruptcy Court for the Eastern District of Wisconsin. After trial, the bankruptcy court entered judgment against WOW and in favor of appellee Pro-Pac, Inc. ("Pro-Pac"), finding that WOW aided and abetted a former Pro-Pac employee's breach of the duty of loyalty. The bankruptcy court made a post-trial amendment of the pleadings and awarded Pro-Pac $385,000 in damages under a theory of unjust enrichment, as well as $50,000 in punitive damages. WOW's appeal asserts that the bankruptcy court's post-trial amendment was procedurally improper, that even so, an award of unjust enrichment in this case would not be proper, and that the punitive damages are also improper.

1.     **BACKGROUND**

Linda and David Sarna incorporated Pro-Pac, and in June 2005, Pro-Pac hired George Chapes ("Chapes") as vice president of sales. In August 2005, Pro-Pac subleased a warehouse from WOW. In April 2006, David Sarna ("Sarna") met with Jamie Wally ("Wally") of WOW to discuss Chapes working as a business development consultant for WOW. The two sent a series of offers and counteroffers regarding Chapes' services, but reached no agreement as of August 3, 2006. Sarna testified that as of August 8, WOW

offered two months of free rent, $3,000 per month for Chapes' salary, and lowered payments for warehouse shelving. Sarna sent an email to Wally on August 8 rejecting the offer. Wally responded by email on August 9, essentially breaking off negotiations.

Meanwhile, on August 2, 2006, George Van Denend of Vangard Distribution ("Vangard") phoned Chapes to inquire whether Chapes could secure a warehouse to store sugar. The warehouse needed 100,000 square feet of food-grade space and Vangard needed an answer within 24 hours. Chapes suggested that Vangard contact Wally at WOW. WOW and Vangard negotiated a short-term lease and WOW secured the Vangard account.

In November 2006, Pro-Pac filed for bankruptcy while still owing three months of back rent to WOW. In the adversary action, Pro-Pac asserted that WOW aided and abetted a breach of fiduciary duty by Chapes, and that WOW tortiously interfered with multiple business relationships. The bankruptcy court dismissed the tortious interference claim. The court then limited the scope of the aiding and abetting claim to two customers, Vangard and Pets International. At trial, Pro-Pac abandoned its claim as to Pets International.

During discovery, Pro-Pac identified two theories of recovery regarding the Vangard deal: (1) Pro-Pac could have earned a 10% commission on the gross rent receipts paid by Vangard to WOW had Pro-Pac had the opportunity to direct the deal to WOW; or (2) Pro-Pac could have subleased other warehouse space for the Vangard account and earned a profit on the arrangement. Sarna acknowledged only these two theories in both his deposition and at trial. Pro-Pac answered interrogatories, and Sarna testified, both stating that Pro-Pac could have taken advantage of the Vangard deal either by obtaining its own sublease, or brokering the deal.

Pro-Pac's pretrial report also contains no mention of unjust enrichment, instead describing the damages issues as the loss of the 10% fee or "lost profits." Pro-Pac's proposed findings of fact claim only a 10% share of Vangard's rent paid to WOW as damages. Pro-Pac's proposed conclusions of law likewise called for only a 10% fee as damages.

At trial, Pro-Pac offered its expert, Gerald Krug ("Krug"), who testified only as to the lost 10% fee. During the cross-examination of Wally, WOW's counsel objected to a question regarding Chapes' referral of the Vanguard work to WOW, and WOW's subsequent securing of that work. During a brief interlude, WOW's counsel then stated:

> Mr. Hanus: Your Honor, as long as you're on a little hiatus here, I also want to make clear that I am [in] no way consenting to the trial [of] claims that have [not] been [pled] – such that there is a potential amendment to the pleadings or anything like that. I've said it before, I'll reiterate it now. I think there was a basis to ask the questions, but this isn't –
>
> The Court: Okay. So noted.

(Bkt. Document 220, 134:1-7) (Docket #1-10, at 556).

At closing, the bankruptcy court requested post-trial briefs on damages. In its post-trial brief, Pro-Pac raised the argument that WOW was unjustly enriched by avoiding rent concessions that it would otherwise have had to pay in order to secure Chapes' services from Pro-Pac. After WOW's opposition to that theory, Pro-Pac only reiterated that WOW profited from Chapes' breach of duty, but did not discuss the substance of the unjust enrichment legal theory. In the bankruptcy court's memorandum decision, it found that Pro-Pac failed to establish it would have earned a 10% commission. However, the court, relying on Federal Rule of Bankruptcy Procedure 7015 (which incorporates Federal Rule of Civil Procedure 15(b)(1))

and Federal Rule of Civil Procedure 54(c), awarded unjust enrichment damages.

**2.     DISCUSSION**

Because the bankruptcy court improperly applied Rule 15 and otherwise erred in considering Pro-Pac's claim for unjust enrichment, the court will reverse the award against WOW and remand the action for entry of judgment dismissing the claims at issue.  This court reviews the bankruptcy court's factual findings for clear error, but its legal conclusions *de novo*.  *In re Rivinius, Inc.*, 977 F.2d 1171, 1175 (7th Cir. 1992).  WOW makes three overarching arguments: that the bankruptcy court erred in amending the pleadings under Rule 15 and Rule 54;[1] that an award for unjust enrichment was otherwise improper; and that the award of punitive damages was likewise in error.  The court need not reach WOW's second argument.

**2.1    Amending Pleadings Under Rule 15**

WOW argues that amendment under Rule 15(b)(1) was improper because there was no objection as contemplated by the rule, no motion to amend, and that there would be prejudice in any event.  WOW then argues that amendment under Rule 15(b)(2), though not cited by the bankruptcy court, would likewise be improper because WOW never consented, explicitly or implicitly, to trial of an unjust enrichment claim.

**2.1.1   Rule 15(b)(1)**

Per the rules of procedure, pleadings may be amended "During and After Trial."  Fed. R. Civ. P. 15(b).  Rule 15(b) is then split into two subparts, amendments "Based on an Objection at Trial" and amendments

---

[1] Because Rule 7015 incorporates Rule 15, the court will simply refer to Rule 15 from this point forward.

"For Issues Tried by Consent." Fed. R. Civ. P. 15(b)(1), (2). As regards the first subpart,

> If, *at trial*, a party objects that evidence is not within the issues raised in the pleadings, *the court may permit* the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court *may grant a continuance to enable the objecting party to meet the evidence*.

Fed. R. Civ. P. 15(b)(1) (emphasis added). The Tenth Circuit has recognized that the rule requires not only objection *at trial*, but a specific objection that the *evidence* is not within the issues contained in the pleadings. *Moncrief v. Williston Basin Interstate Pipeline Co.*, 174 F.3d 1150, 1163 n.7 (10th Cir. 1999). Further, the rule requires the party seeking such amendment to in fact *move* for that amendment; the rule does not contemplate a court's *sua sponte* invocation. *Id.* Additionally, it is clear from the text of the rule, that not only must the objection be made at trial, but so must the motion to amend, and the court's permission to amend must occur at trial as well.[2] In the *Moncrief* case, defense counsel protested during closing arguments that a particular issue was not tried by consent, but the court found those statements insufficient to qualify as the required objection. *Id.* The court explained that the defendant had never specifically objected to the introduction of any evidence related to the non-pled issue because it was either innocuous, or equally relevant to other, pled issues. *Id.*

---

[2] The rule states that "If, at trial, a party objects . . . the court may permit" amendment. Moreover, the rule concludes by allowing the court to grant a continuance in order to allow the objecting party to meet the evidence; that would be inapplicable could the rule be invoked post-trial.

It is plain here that WOW never made the objection contemplated by Rule 15(b)(1). Pro-Pac attempts to argue that the "only plausible basis" for the objection was to prevent introduction of evidence not within the pled issues, but the simple fact of the matter is that WOW never stated it was objecting on that basis. It stated only that it objected generally to any trial by consent. Pro-Pac points to particular objections to argue that the objected-to testimony presents all the elements for unjust enrichment, but that is irrelevant if the evidence was also related to issues actually pled.[3] Moreover, even if that *was* the only plausible basis, Pro-Pac never moved to amend,[4] and the bankruptcy court never made the amendment at trial, nor was WOW offered any opportunity at trial to show prejudice or to seek a continuance in order to establish a defense to a claim of unjust enrichment. Not only was Rule 15(b)(1) never triggered in the first place, it was certainly never acted upon during trial, as required. While the bankruptcy court found, post-trial, that there would be no prejudice in amending the pleadings, this court need not analyze that point, as the application of Rule 15(b)(1) in the first instance was inappropriate. Rule 15(b)(1) was simply inapplicable post-trial, and therefore the bankruptcy court erred in using that rule to justify an amendment to the pleadings.

### 2.1.2 Rule 15(b)(2)

The second subpart of Rule 15(b) states that,

---

[3] In fact, it was relevant to pled issues, as discussed in Section 2.1.2.

[4] Pro-Pac attempts to distinguish *Moncrief* by pointing out that it involved analysis of Rule 15(b)(2), but that ignores that the entire focus of footnote 7 was to explain why Rule 15(b)(1) would not be applicable under the circumstances. While not binding, the Tenth Circuit's discussion remains instructive.

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2). Implied consent may be established by presenting and arguing issues outside the pleadings without proper objection by opposing counsel. *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir. 1986). However, the mere introduction of evidence relevant to a pled issue that incidentally establishes an unpled claim does not give rise to implied consent. *Ippolito v. WNS, Inc.*, 864 F.2d 440, 456 (7th Cir. 1988).

While the bankruptcy court did not rely on Rule 15(b)(2) in amending the pleadings,[5] a brief analysis reveals that it would not support the amendment in any event. First, there was clearly no express consent to the trial of an unjust enrichment claim. In fact, it is doubtful that the issue was ever "tried." But even if it were, it would not have been tried by implied consent either. The testimony at issue concerned evidence that was entirely relevant to Pro-Pac's claim against WOW for aiding and abetting Chapes' breach of fiduciary duty. (Bkrt. Document 220, 130-36) (Docket #1-10, at 552-58). In fact, the testimony cited by the bankruptcy court in finding that it overruled WOW's supposed Rule 15(b)(1) objection at trial refers only to whether Pro-Pac ever received a financial benefit from WOW's deal with Vangard; *not* whether Pro-Pac conferred a benefit upon WOW, as would be relevant to a claim for unjust enrichment. (Bkrt. Document 251, 30 n.11) (Docket #1-10, at 859). Thus, the evidence's parallel relevance to an unjust

---

[5] And in fact, Pro-Pac essentially argues that Rule 15(b)(2) is inapplicable.

enrichment claim does not establish WOW's implied consent in the face of a lack of objection.

Nor was there any explicit mention of unjust enrichment during the trial proceedings that would otherwise show that WOW had notice that the claim was being raised. The only possible evidence showing that WOW was aware Pro-Pac was offering an unjust enrichment claim comes from WOW's statement that it was not consenting to the trial of any unpled issues. But to the extent that WOW *was* aware that the unjust enrichment issue was being raised, its objection to consent would in fact have triggered Rule 15(b)(1). Yet, as noted above, the court did not act in accord with procedure if that was the case. In fact, the phrasing of the objections, the actual testimony at issue, and the court's simple "overruling" of the objections support the notion that WOW did not have notice that the unjust enrichment claim was entering the case. It would be a strange alchemy to hold that a trial court could "overrule" an objection to trial of an unpled issue without either the objecting party or the court specifying what that issue was, failing to allow the objecting party to avail itself of any procedures intended to ensure that amending pleadings at trial remains fair, and then later amend the pleadings to conform to the evidence on the basis of implied consent because the objecting party "did not object" to the raising of the issue. Under the facts here, even if Rule 15(b)(2) were applicable, the court cannot say that WOW implicitly consented to trial of an unjust enrichment claim.

### 2.2   Rule 54(c) Entitlement to Relief Not Demanded

Pro-Pac also argues that the bankruptcy court was well within its discretion to award relief under Rule 54(c). First, Pro-Pac argues that this court should be applying the relatively deferential abuse of discretion standard; however, that presumes the bankruptcy properly applied the rule

in the first instance. Per Rule 54, a final judgment should grant relief to which a party is entitled, regardless of whether the party demanded that particular relief in its pleadings. Fed. R. Civ. P. 54(c). "The purpose of this rule is to make 'clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both.'" *Old Republic Ins. Co. V. Emp'rs Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998). By the same token, the rule "does not allow the district court to award relief based on a theory that was not properly raised at trial." *Id.; see also In re Rivinius, Inc.*, 977 F.2d 1171, 1177 (7th Cir. 1992).

> Rule 54(c) permits the awarding of all available relief on a claim when liability on the claim has been established . . . . Similarly, whatever relief is awarded under Rule 54(c) must be supported by the pleadings and proof offered. The Rule permits relief not demanded only when the party affirmatively shows an entitlement to the relief and is inapplicable when the pleader fails to demonstrate the proper substantive grounds for relief. Relief may not be granted, therefore, on an issue not properly presented to the court for resolution. Because Rule 54(c) restricts courts from ordering undemanded relief unless it is on a claim already proven, the Rule does not permit an imposition of liability on an omitted claim on the basis of the record in the action . . . . If the claimant proves all of the elements of a claim, however, any available remedy may be ordered, notwithstanding the plaintiff's error in designating the claim in the pleadings. Legal error in identifying the source of the claim is not fatal so long as all of the elements of the claim are proven.

10 Moore's Federal Practice § 54.72(2) (3d ed. 2011). Here, the bankruptcy court concluded that, "given the lack of prejudice" in considering Pro-Pac's evidence "on its alternate theory of damages," it would consider the unjust enrichment claim. (Bkrt. Document 251, 31) (Docket #1-10, at 860). The crux

Page 9 of 12
Case 2:11-cv-01075-JPS   Filed 08/14/12   Page 9 of 12   Document 10

of this ruling, much as Pro-Pac argues in its brief, is that unjust enrichment damages are merely a form of relief that may be awarded.

Primary and secondary authority support the conclusion that there is a distinction, for purposes of Rule 54(c), between a claim (or cause of action) and the relief that may flow from a claim. It is therefore an important question whether "unjust enrichment" is a cause of action, or simply a form of redress available upon proving certain causes of action. "In Wisconsin unjust enrichment is a legal cause of action governed by equitable principles." *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 476-77 (7th Cir. 2009). "The action is 'grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust.'" *Id.* at 477. "The measure of damages under unjust enrichment is limited to the value of the benefit conferred on the defendant." *Id.* On the other hand, the tort of aiding and abetting a breach of fiduciary duty requires establishing that a person intentionally caused or assisted in the violation of a duty. *St. Francis Sav. & Loan Ass'n v. Hearthside Homes, Inc.*, 221 N.W.2d 840, 844 (Wis. 1974). The tortfeasor must "encourage[] and profit[] from a breach." *Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶ 43, 294 Wis. 2d 274, 717 N.W.2d 781. When stated that way, the answer becomes obvious: unjust enrichment is not a form of relief, but is a cause of action. As such, Pro-Pac would only be entitled to relief for unjust enrichment if the claim for unjust enrichment was itself properly before the bankruptcy court.[6] As discussed above, regarding amendment, the claim was *not* properly before the court. Thus, Rule 54(c) was simply inapplicable

---

[6] *See Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir. 1982) ("when relief is to be based on an issue not raised in the pleadings, Rule 15(b) . . . must be considered").

absent a proper application of Rule 15, and the bankruptcy court therefore erred to the extent it reasoned that Rule 54 independently supported awarding damages for unjust enrichment.

### 2.3 Punitive Damages

In light of the court's decision as to the compensatory damages awarded, the question of punitive damages readily dispatched. Punitive damages are only available where compensatory damages are awarded. *C & A Invs. v. Kelly*, 2010 WI App 151, ¶ 8, 330 Wis. 2d 223, 792 N.W.2d 644. Because the court has found that the damages flowing from the unjust enrichment claim were improper, punitive damages are likewise improper.

### 3. CONCLUSION

In sum, the bankruptcy court erred in applying Rule 15(b)(1) to amend Pro-Pac's complaint post-trial. Pro-Pac's claim for unjust enrichment was not properly before the bankruptcy court and therefore the associated award of damages was improper. Rule 54(c) does not support considering the claim independent of Rule 15(b)(1). Further, though not relied upon, Rule 15(b)(2) would not support consideration of the unjust enrichment claim either.[7] Finally, the bankruptcy court's award of punitive damages was likewise improper in light of the fact that no compensatory damages were properly awarded.

Accordingly,

---

[7] Pro-Pac briefly argues, as a last stand, that even if the bankruptcy court did not properly amend the pleadings, this court may do so. *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 690 (7th Cir. 1985) (complaints may be amended at any time, even in court of appeals). While true, that process still implicates Rule 15(b), *see id.* (citing Rule 15), and the court has found that post-trial amendment under either Rule 15(b)(1) or (b)(2) is improper here. The matter being before this court does not change that conclusion.

Page 11 of 12

Case 2:11-cv-01075-JPS   Filed 08/14/12   Page 11 of 12   Document 10

**IT IS ORDERED** that the decision of the bankruptcy court be and the same is hereby **REVERSED** and **REMANDED** with instructions to dismiss the claims against the appellant.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 12 of 12

Case 2:11-cv-01075-JPS   Filed 08/14/12   Page 12 of 12   Document 10